WESTBURY ELECTRONICS, INC., Appellant, v. A & J MACHINERY CORPORATION, Respondent.— Plaintiff appeals from so much of an order, entered April 24, 1953, granting defendant's cross motion for judgment on the pleadings dismissing the third and fifth causes of action of a complaint containing six causes of action, and from an order entered May 22, 1953, granting defendant's motion to vacate a warrant of attachment, canceling the attachment bond, and discharging the surety. Order of April 24, 1953, insofar as appealed from, modified by striking from subdivision (3) of the ordering paragraph the words " and Fifth causes " and by substituting therefor the word " cause," and by adding after the word " granted", the words " with leave to plaintiff to amend the third cause of action, if so advised." As so modified, the order is unanimously affirmed; the amended complaint to be served within ten days after the entry of the order hereon. Order of May 22, 1953, reversed and motion to vacate warrant of attachment denied. Appellant is granted one bill of $10 costs and disbursements. The third cause of action, which seeks a return of the purchase price of a machine sold by defendant to plaintiff on the ground that it was not as warranted, is insufficient because there is no allegation of return or offer to return the machine, a prerequisite both under the terms of the contract and under the terms of the statute (Personal Property Law, § 150, subd. 1, par. [d]; subds. 3, 4). Judgment on the pleadings dismissing the fifth cause of action was improperly granted because that cause of action is sufficient on its face. It was dismissed on the basis of two exhibits attached to certain affidavits in conjunction with another motion, which exhibits were not part of the pleadings. Therefore, judgment on the pleadings as to the fifth cause of action was unauthorized. The warrant of attachment, issued December 3, 1952, may not be said to have been granted solely on the basis of the third cause of action appearing in the complaint, first served in February, 1953. The warrant was granted on the basis of an affidavit which contained what is now the first cause of action. That cause of action is concededly sufficient to authorize the granting of the warrant. That the first cause of action as presently pleaded demands judgment for a greater amount of damages than that for which the warrant was issued is immaterial. Present — Nolan, P. J., Adel, Wenzel, Mac-Crate and Beldock, JJ.